IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

TOYA KENAN and MONICA COOPER,    \*
individually and on behalf of
others similarly situated,      \*

    Plaintiffs,           \*

vs.                      \*     CASE NO. 4:23-CV-89 (CDL)

GLOBAL PAYMENTS, INC. and TOTAL \*
SYSTEMS SERVICES, LLC,
                        \*

    Defendants.

                        \*

## O R D E R

Plaintiffs Toya Kenan and Monica Cooper filed this action to recover unpaid overtime wages, in part under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs move to conditionally certify this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b). Defendants Global Payments, Inc. ("GPI") and Total Systems Services, LLC ("TSYS") oppose certification, arguing that Plaintiffs have not established that similarly situated individuals wish to opt into this action. For the following reasons, the Court grants Plaintiffs' motion for conditional certification (ECF No. 11).

## DISCUSSION

The FLSA holds employers liable for unpaid compensation to their employees. 29 U.S.C. § 216(b). Employees may recover unpaid compensation through collective actions against the employer;

employees who wish to be plaintiffs in such an action must opt in by filing their written consent with the Court. *Id.* "To maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).

The Eleventh Circuit applies a two-stage procedure for managing FLSA collective actions. First, in the notice or conditional certification stage, the Court must determine "whether other similarly situated employees should be notified" of the action based on the pleadings and any affidavits. *Id.* at 1260. Plaintiffs must show "a reasonable basis for [their] claim that there are other similarly situated employees;" the standard for assessing similarity at this stage is "fairly lenient." *Id.* at 1260-61 (internal quotation marks and citations omitted). If the Court conditionally certifies a collective action, then "putative class members are given notice and the opportunity to opt-in" to the action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (per curiam) (internal quotation marks omitted). Second, in the decertification stage, the employer may move to decertify the collective action; the employer typically moves to decertify "after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* (citation

omitted).   If the Court then determines that the putative class members are not similarly situated, the Court may decertify the class.  *Id.*

According to declarations attached to their motion, Plaintiffs worked for Defendants as Remote Fraud Specialists ("RFSs") who provide customer support services, including assistance with fraudulent transactions and obtaining new credit cards.  *See, e.g.*, Kenan Decl. ¶¶ 2-3, ECF No. 11-4.  RFSs, who work from their home offices, are paid hourly.  *Id.* ¶ 4.  To perform their job duties, they must complete an "extensive computer bootup process" to open various work programs.  *Id.* ¶ 6.  This process can take up to thirty minutes a day.  *Id.* ¶ 9.  Defendants trained and expected RFSs to boot up before clocking in, which according to Plaintiffs each RFS did.  *Id.* ¶¶ 10-11, 14.  In December 2022, Defendants changed their policy to require RFSs to boot up their systems at the start of, not before, their scheduled shift.  *Id.* ¶ 19.

Plaintiffs seek to conditionally certify a class of all similarly situated RFSs who were not compensated for their "boot up" time prior to the policy change.  To decide Plaintiffs' conditional class certification motion, the Court must determine whether "there are other employees of the [employer] who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions."  *Dybach*

*v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). GPI and TSYS oppose certification, arguing that Plaintiffs have failed to carry their burden on either of these elements.[1]

The Court finds that Plaintiffs have met their burden for conditional certification. First, Plaintiffs sufficiently demonstrated that they are similarly situated to other RFSs. Defendants advertised RFS openings in sixteen different locations, which featured identical job requirements and hourly wages. RFS Job Posting 1-2, ECF No. 11-9. These requirements and wages match those of Plaintiffs. Kenan Decl. ¶¶ 3-4. Further, Plaintiffs' declarations extensively describe how RFSs received the same training, followed the same policies, and experienced common treatment. *Id.* ¶¶ 10-18. Thus, Plaintiffs have sufficiently established for conditional certification purposes that they are similarly situated to other RFSs. *Grayson v. K Mart Corp.*, 79

---

[1] GPI also opposes certification by arguing that only TSYS, not GPI, qualifies as Plaintiffs' employer under the FLSA. GPI acquired TSYS in September 2019. An employee may have more than one employer, including where "one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee." *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012). Courts generally do not consider whether an employee has joint employers at the notice stage; instead, the Court resolves joint employer issues later, when an eight-factor test set forth by the Eleventh Circuit and a fuller evidentiary record aids the Court in resolving this issue. *Id.* at 1176, 1181 (applying the eight-factor test to affirm the district court's grant of summary judgment in favor of a defendant which the district court determined did not jointly employ the plaintiff); *see also Jackson v. Fed. Nat'l Mortg. Ass'n*, 181 F. Supp. 3d 1044, 1053 (N.D. Ga. 2016) ("Typically the joint employer doctrine is addressed at the decertification or summary judgment stage."). The Court declines to prematurely rule on this joint employer issue.

F.3d 1086, 1096 (11th Cir. 1996) (requiring only that plaintiffs show that their positions are similar, not identical, to those of putative class members under 29 U.S.C. § 216(b)).

Second, Plaintiffs have made a sufficient showing that other RFSs wish to opt into the collective action. Although a district court would abuse its discretion by granting conditional certification when a motion is supported only by "counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would" join the action if given notice, *Haynes v. Singer Co.*, 696 F.2d 884, 887-88 (11th Cir. 1983), the present record demonstrates tangible interest from other employees. Plaintiffs' declarations state that, based on their conversations with "numerous other RFSs employed by" Defendants, they expect these employees to "participate in a lawsuit to recover unpaid compensation." Kenan Decl. ¶¶ 26-28; *see also* Cooper Decl. ¶¶ 26-28, ECF No. 11-5 (explaining that numerous other employees have "the same complaints about off the clock work"). If that interest never materializes, this action can be decertified. Based on the less rigorous standard at the conditional certification stage, the Court grants Plaintiffs' motion for conditional certification.

CONCLUSION

For the foregoing reasons, the Court conditionally certifies this action as an FLSA collective action for current and former

5

RFSs employed by Defendants during the last three years. The parties shall confer and submit to the Court within twenty-one days of today's Order the following: (1) a joint proposed notice and consent form for Court approval and (2) a joint proposal on the methodology for class notification.[2] The Court is inclined to approve notice via first-class mail and email to all individuals who are potential opt-in plaintiffs based on the class as defined above.

Plaintiffs also ask the Court to order Defendants to identify all members of the putative class by providing a list of their names, last known address, dates and location of employment, phone numbers, and email addresses. Defendants shall provide this information in electronic format within twenty-one days of this Order. The parties shall enter into a confidentiality agreement such that any of the information provided shall be used solely for the purpose of notifying potential class members of their right to opt into this action.

IT IS SO ORDERED, this 15th day of June, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Defendants request that, should the Court conditionally certify the class, Plaintiffs should inform putative class members about one Plaintiff's criminal history. The Court finds such information irrelevant at this stage of the proceedings.